Johnny Otis Crawford, Jr. was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment" and, following a sentencing hearing, the trial judge set sentence at life imprisonment without parole, pursuant to the Habitual Felony Offender Act.
This case arises out of a March 19, 1984 robbery of the North Birmingham, Alabama *Page 1222 
Branch of City Federal Savings and Loan. This appellant was identified by eyewitnesses as the man who robbed "City Federal", both at pre-trial lineups and at trial. The appellant presented an alibi defense.
 I
At trial and on appeal, the appellant contended that the prosecutor's use of peremptory challenges to strike blacks from the jury violated his Sixth and Fourteenth Amendment rights. During the course of choosing the jury prior to trial of this cause, the following occurred: (R. 169171).
 "(The following proceedings were held sidebar out of the hearing of the jury:) "MR. TURBERVILLE: Your Honor, there are six blacks on the venire, and the defendant is a black male. The government prosecutor in four strikes has struck three out of four blacks. This is a continuation of a pattern in the last trial involving the State v. Crawford where they used six of seven strikes to eliminate black people from the jury. And also throughout the Jefferson County Prosecutor's Office they systematically exclude blacks from juries where blacks are the defendants. This is either based on policy or whatever, but this particular prosecutor I've had a number of trials with and in each trial he has utilized his strikes to eliminate blacks. And I feel he's denying the defendant a fair trial before his peers.
 "THE COURT: We're overlooking the fact that you excused one, too.
"MR. TURBERVILLE: For cause.
 "THE COURT: What about that, State, have you got any reasons?
 "MR. BRAGAN: At the proper time I will, but do you want me to stop and give a reason for every one of them right now?
 "THE COURT: That's all right. Of course, only four strikes have been made, so I won't forget it. In the last case tried here by this Court — not today but I'm referring to the Dawkins case and you say such a pattern — that involved a black man charged with drugs, and there were nine blacks on the panel.
 We came down and left six on the jury. And I find that not quite such a pattern that you do that the DA's do, so I overrule you.
"MR. TURBERVILLE: We except, Judge."
While this cause was pending in this court, the Supreme Court of the United States rendered its opinion in Batson v.Kentucky, 1986, 476 U.S. ___, 106 S.Ct. 1712, 90 L.Ed.2d 69. InBatson, the court rejected the evidentiary burden which had formerly been placed upon a defendant who asserted an equal protection of law claim with reference to the State's alleged discriminatory use of peremptory challenges under Swain v.Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). The U.S. Supreme Court overruled Swain in this regard and adopted a case by case approach to the proof required to show discriminatory challenges instead of the heavy burden of proving historical data of continued or systematic exclusion of blacks from juries in case after case, whatever the circumstances, whatever the crime and whoever the defendant or victim may be. Batson, supra.
Under date of January 13, 1987 in Griffith v. Kentucky, ___ U.S. ___, 107 S.Ct. 708, 93 L.Ed.2d 649 and Brown v. UnitedStates, ___ U.S. ____, 107 S.Ct. 708, 93 L.Ed.2d 649, the United States Supreme Court determined that their opinion inBatson should be applied retroactively to all cases pending on original direct appeal as of April 30, 1986, the date ofBatson.
This holding in Griffith and Brown, supra is consistent with the U.S. Supreme Court's interpretation of their understanding of the retroactivity of their opinions. Specifically, seeDesist v. United States, 394 U.S. 244, 259, 89 S.Ct. 1030,1039, 22 L.Ed.2d 248 (1969); United States v. Johnson,457 U.S. 537, at 555, 102 S.Ct. 2579, at 2590, 73 L.Ed.2d 202 (1982);Shea v. Louisiana, 470 U.S. 51, 105 S.Ct. 1065, 84 L.Ed.2d 38
(1985).
Moreover, while this cause was pending in this court on original direct review, the Supreme Court of Alabama rendered its opinion in Jackson v. State, 84-1112, December 19, 1986, ___ So.2d ___, in which *Page 1223 
the Alabama Supreme Court determined that the rule ofBatson v. Kentucky, supra requires that, as a matter of state law, the prosecutions use of its peremptory strikes be subjected to the same rule of law as is set forth in Batson v.Kentucky. See also, Zackery v. State, 85-757, January 2, 1987, and Owens v. State, No. 85-1008, January 9, 1987.
Under the mandate contained in the opinion of the Supreme Court of the United States in Batson, this court has no alternative but to remand this cause for a hearing with counsel present to represent the appellant and does, hereby, direct the State of Alabama, through its District Attorney, to set forth its reasons in using its peremptory challenges to remove certain black persons from the jury venire in this cause as shown by this record. (Cases cited in this opinion).
A return shall be filed in this court showing the testimony taken in circuit court on this question and the findings of the trial judge, by written order, with reference to the evidence developed in this hearing. Such return shall, together with the trial judge's findings and order, be filed expeditiously in this court following the hearing in circuit court.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* [Reporter's note: Following the Court of Criminal Appeals' remand, the trial court dismissed the prosecution. On March 16, 1987, the Court of Criminal Appeals entered an order dismissing the appeal.]