The appellant, Joseph Bedford, was indicted for engaging in sexual intercourse with a female by forcible compulsion in violation of § 13A-6-61, Code of Alabama 1975, and for engaging in deviate sexual intercourse by forcible compulsion in violation of § 13A-6-63, Code of Alabama 1975. The appellant was found guilty of both counts as charged in the indictment and sentenced to 25 years in prison. The appellant raises two issues on appeal.
 I
The appellant contends that the State violated the principles set forth in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), because the prosecutor struck four of the five black jurors on the venire. The State had a total of 16 strikes.
The prosecutor stated the following reasons for striking the black jurors: (1) prosecutor had written juror's husband several letters threatening to sue him for collection of a bill when prosecutor was in private practice; (2) juror was related to a man whom prosecutor had previously prosecuted and such man had also been represented by the law firm representing the appellant; (3) juror was single and unemployed; and (4) juror was single. The prosecutor also stated that seven other jurors were also struck because they were single. He further stated that the appellant was single and it was the State's policy to "strike single people on a case like this." (R. 4). The black juror who served on the panel was a married female.
"Any inferences arising from the use of peremptory strikes to remove blacks should be viewed together 'with other relevant circumstances' to determine whether purposeful discrimination has occurred." Currin v. State, 535 So.2d 221, 224
(Ala.Crim.App.), cert. denied, 535 So.2d 225 (Ala. 1988) (citing Batson,476 U.S. at 106, 106 S.Ct. at 1723). The record reveals that two of the black jurors were struck because of prior contacts between a juror's relative and the prosecutor. Such contact is an "other relevant circumstance" that can rebut the inference of purposeful discrimination. As to the jurors who were struck for being single and unemployed, the record also indicates that the State struck non-black jurors for substantially the same reason. Such evidence of neutrality may overcome the presumption of discrimination. Ex parte Branch, 526 So.2d 609
(1987); Pollard v. State, 549 So.2d 593 (Ala.Crim.App. 1989). See also Oliver v. State, 526 So.2d 892 (Ala.Crim.App. 1987) (no Batson violation when State struck *Page 1099 
black and white jurors under 35 years of age when defendant was 29 years of age).
The trial court's findings are to be given great deference on appeal. Batson, 476 U.S. at 98, 106 S.Ct. at 1724. We find that, based on the particular facts and circumstances of this case, the court properly found that the State's peremptory strikes were based on considerations other than race.
 II
The appellant next contends that the State further violatedBatson and Branch by striking single people from the jury. BothBatson and Branch concern the use of peremptory challenges in a racially discriminatory manner. The appellant has not provided this court with any relevant authority, nor is this court aware of any relevant authority, for the proposition that the use of peremptory strikes to remove single people from the jury venire is a violation of the appellant's Constitutional rights.
In view of the above discussion, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.