The appellant was indicted for first degree rape, in violation of § 13A-6-61, Code of Alabama 1975, and first degree sodomy, in violation of § 13A-6-63, Code of Alabama 1975. He was found guilty of both offenses and was sentenced as a habitual offender to life in prison for each offense, the sentences to run concurrently. Because we find that the trial court erred in denying the appellant's Batson[1] motion, we pretermit any discussion of the other two issues raised by the appellant.
The record reveals that the State used five of its seven peremptory strikes to remove black citizens from the jury venire. After the jury was struck, the appellant made aBatson motion asserting that the strikes were racially motivated. He also set forth the information that was gathered during the voir dire about each of the struck jurors. The trial court stated that it was not satisfied that there was any evidence of racial bias in the use of the State's strikes, but then had the State present its reasons for the strikes for the record.
Because the trial court had the prosecutor state her reasons for the peremptory strikes without requiring the appellant to establish a prima facie case of discrimination, we will review the reasons given by the prosecutor and the trial court's ultimate ruling on the Batson motion. See McLeod v. State,581 So.2d 1144 (Ala.Crim.App. 1990); Williams v. State,548 So.2d 501 (Ala.Crim.App. 1988), *Page 1012 cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218
(1989). "[W]hen the prosecution's explanation is of record, we will review only the [trial] court's findings of discriminationvel non." Currin v. State, 535 So.2d 221, 223 (Ala.Crim.App.)cert. denied, 535 So.2d 225 (Ala. 1988) (quoting United Statesv. Forbes, 816 F.2d 1006, 1010 (5th Cir. 1987) (court reviewed prosecutor's reasons even though trial court's minute entry stated that the defendants did not establish a prima facie case of discrimination.)).
The record reveals that the State struck juror number 169 because, as a church administrator, he was involved in religious work and thus, the prosecutor thought that he might make a decision based on sympathy. Juror number 39 was struck because he was an occupational therapist and as a caregiver, might make a decision based on sympathy. The prosecutor also stated that she removed this juror because he was single. We find that these reasons were not race-neutral. The prosecutor's statements during the Batson hearing reveal that these conclusions were based on assumptions about the particular juror's profession. The prosecutor did not give any reason for her belief that a person employed as a caregiver or involved in religious work would be biased against the State in any way.See McGahee v. State, 554 So.2d 454 (Ala.Crim.App.) aff'd,554 So.2d 473 (Ala. 1989). (State failed to demonstrate how teachers would be biased against the State. The fact that juror was a teacher, without more, is not a legitimate nondiscriminatory reason); Williams (assumption that all college counselors, persons connected with mental health agencies, or persons who work in public school systems are less interested in punishing people for crime is unfounded). It is equally possible that both of the jurors would have sympathized with the victim.
We also find that the fact that juror number 39 was single was not a race-neutral reason. The record reveals that two black women who were removed from the jury were also single. The appellant and the victim were both single. The prosecutor failed to explain why the single population would be biased against the State in any way. In Williams, this court stated:
 "The explanation given for some of the strikes was based on an assumed employment group bias, which was not shown to apply factually to any venireperson specifically or to the facts of the particular case. No explanation was offered to explain why a school teacher, a college counselor, a school lunchroom worker, or a person connected with a mental health organization would be against, rather than in favor of, the prosecution."
Williams, 548 So.2d at 507. A like rationale supports rejection of single-person bias under the facts herein. We also note that two of the other strikes exercised by the State were largely based on demeanor and are highly suspect because they are especially subject to abuse. Ex parte Warner, [Ms. 89-1062, June 14, 1991],* 594 So.2d 676 (Ala.).
We find that the State failed to carry its "burden of articulating a clear, specific and legitimate reason for the challenge which relate[d] to the particular case to be tried, and which is nondiscriminatory." Ex parte Branch,526 So.2d 609, 623 (Ala. 1987). See also Parker v. State, 568 So.2d 335
(Ala.Crim.App. 1990). "[T]he removal of even one juror for a discriminatory reason is a violation of the equal protection rights of both the excluded juror and the minority defendant. Moreover, this is true even though blacks may be seated on the petit jury and there were valid race neutral reasons for striking other blacks from the jury." Harrell v. State,555 So.2d 263, 267 (Ala. 1989). The trial court erred in denying the appellant's Batson motion.
For the reasons set forth above, the judgment is reversed and this case is remanded to the trial court.
REVERSED AND REMANDED.
All the Judges concur.
[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986).
* Reporter of Decisions' note: The June 14, 1991 opinion inWarner was withdrawn and a new opinion issued on December 6, 1991. *Page 1013