603 So.2d 1137 (1992)
Jerry Leon Durgin CARTER
v.
STATE.
CR-91-840.
Court of Criminal Appeals of Alabama.
August 21, 1992.
*1138 Arthur P. Clarke, Mobile, for appellant.
James H. Evans, Atty. Gen., and Robert C. Ward, Jr., Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
The appellant, Jerry Leon Durgin Carter, was convicted of unlawful possession of cocaine, a violation of § 13A-12-212, Code of Alabama 1975. He was sentenced to 15 years in prison.
The appellant, who is black, contends that the trial court erred in denying his Batson motion.[1] The appellant claims that the prosecutor used his peremptory strikes to remove blacks from the venire because of their race. The United States Supreme Court, in Batson v. Kentucky, held that exclusion of blacks from a jury because of their race in a case where the defendant is black violates the Equal Protection Clause of the Constitution. This principle was later extended to white defendants in Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). See also Ex parte Bird, 594 So.2d 676, 688 (Ala.1991).
A defendant is required to make a "prima facie" showing of racial discrimination before the trial court will review the prosecutor's reasons for its strikes of black veniremembers. Batson, 476 U.S. at 93-94, 106 S.Ct. at 1721. "[W]here a trial court has made no express finding that a prima facie case of discrimination has been established but nonetheless requires a prosecutor to explain its peremptory challenges, this court will consider such a finding to be implied and will proceed directly to evaluate the prosecution's explanations." Sims v. State, 587 So.2d 1271, 1276 (Ala.Cr.App.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1179, 117 L.Ed.2d 423 (1992); Williams v. State, 548 So.2d 501 (Ala.Cr.App.1988), cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989).
In this case, the prosecutor used four of his six peremptory strikes to remove blacks from the venire. The appellant argued that Batson had been violated and the trial court then required the state to explain its peremptory strikes. The state's reasons for striking the veniremembers were as follows:
Juror number 7: "[H]is bad incident with the police;"
Juror number 8: "[S]he worked at Wal-Mart Festival Center as a sales clerk;"
Juror number 26: He was "disabled" and "unemployed;"
Juror number 28: "[S]he did not have a job."
As for the first strike, altercations with the law enforcement officials have been considered a valid race-neutral reason. See Yelder v. State, [Ms. 3 Div 212, October 11, 1991], 1991 WL 238088 (Ala.Cr.App.1991). However, we have reservations as to the other three strikes. This court is especially concerned with the explanation given for striking juror number 8. The entire dialogue concerning this strike at the original Batson hearing is as follows:
"THE COURT: ... Let's go to eight.
"MR. SCULLY: All right, Judge. With respect to number eight, with respect to number eight, there is a "B" to the far left which I placed after I saw the individual, not based upon race but based upon the fact that I had overlooked the fact that she worked at Wal-Mart Festival Center as a sales clerk. And I would have originally struck her on the basis of her employment.
"THE COURT: Why is that?
*1139 "MR. SCULLY: Judge, why would I have struck her?
"THE COURT: Uh-huh.
"MR. SCULLY: Just because I felt that there are certain jobs that might well make more responsible jurors. And it's necessary for us to limit the numbers in some way. And I chose that as a more or less arbitrary manner of whittling down the number of jurors."
At the hearing on the motion for a new trial, in which the appellant raised the Batson issue again, the prosecution gave no further specific reason for striking this juror.
"When explaining the basis for its peremptory strikes of blacks, the prosecution must offer a clear, specific, and legitimately race-neutral reason for each strike." Sims v. State, 587 So.2d 1271 (Ala.Cr.App.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1179, 117 L.Ed.2d 423 (1992). See also Batson, 476 U.S. at 98, 106 S.Ct. at 1724 ("the prosecutor must articulate a neutral explanation related to the particular case"). "[T]he removal of even one juror for a discriminatory reason is a violation of the equal protection rights of both the excluded juror and the minority defendant. Moreover, this is true even though blacks may be seated on the petit jury and there were valid race-neutral reasons for striking other blacks from the jury." Huntley v. State, [Ms. 90-433, November 15, 1991], 1991 WL 273417, *2 (Ala.Cr.App.1991), quoting Harrell v. State, 555 So.2d 263, 267 (Ala.1989) (emphasis added).
The prosecution failed to show how a sales clerk was in any way less responsible as a juror than someone with a different occupation. Jury duty is not an obligation left only for a privileged segment of the community who the prosecution "feels" would make better jurors. A jury should consist of people who can make fair and impartial determinations based upon the facts of the case, and a person's employment or unemployment should not be the sole basis for striking a veniremember. "[B]lack jurors who were challenged without being examined on voir dire in reference to possible bias because of their employment, position in society, age, and residence raises a strong inference that they were excluded on the basis of race alone." Williams, 548 So.2d at 508.
We find this situation analogous to the issue presented in Ex parte Bird, where the prosecution attempted to remove jurors because of where they lived. There, the Alabama Supreme Court said that no relevance was shown between where someone lived and the allegations that the juror would be biased. Additionally, and perhaps more importantly, the Court said, "this excuse might all too frequently serve to eliminate from jury service those individuals living at the lower end of the socioeconomic scale." 594 So.2d at 682. Likewise, discrimination based on one's occupation could prevent certain segments of society from participating on a jury.
We do not hold that a jury must incorporate all types of classes of people. The United States Supreme Court has held there is "no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups of the population." Taylor v. Louisiana, 419 U.S. 522, 538, 95 S.Ct. 692, 702, 42 L.Ed.2d 690 (1975). The law has never explicitly held there to be a constitutional right to be a juror. However, explanations based solely upon such arbitrary reasoning as the type of one's employment are not sufficiently race neutral, and we reverse on that ground.
The last two strikes based upon unemployment are highly suspect because they are especially subject to abuse. See Williams v. State, 548 So.2d 501 (Ala.Cr.App.1988), cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989). Unemployment is considered a race-neutral reason when used in the proper context. Stephens v. State, 580 So.2d 11 (Ala.Cr.App.1990) aff'd, 580 So.2d 26 (Ala.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 176, 116 L.Ed.2d 138 (1991) (when these characteristics identify with the defendant); Cowen v. State, 579 So.2d 13 (Ala.Cr.App.1990). The circumstances of each case must be considered and must present a reason the potential juror might be biased against a particular *1140 side. See Huntley; McGahee v. State, 554 So.2d 454 (Ala.Cr.App.) aff'd, 554 So.2d 473 (Ala.1989) (the occupation of teacher alone is not enough to show bias); Pritchett v. State, 548 So.2d 509 (Ala.Cr.App.1988) (similar in size, appearance, and age to defendant is race-neutral reason).
However, the evidence in this case tends to show disparative treatment between white and black jurors. Apparently two unemployed white jurors were not struck. The prosecution left the first one on the jury because he had been a former military policeman, though no explanation was given for the other, who was a housewife. "Such disparate treatment furnishes strong evidence of discriminatory intent." Ex parte Bird, 594 So.2d at 681. When a reason such as unemployment is given there must be some rational relation to the case and it must be equally applied to all races. At that point, evidence of neutrality is shown and the presumption of discrimination has been overcome. Kelley v. State, 602 So.2d 473 (Ala.Cr.App.1992). See also Bedford v. State, 548 So.2d 1097 (Ala.Cr.App.1989) (both black and white singles struck equally).
Furthermore, other relevant factors may be considered to determine whether the explanations are valid or merely pretexts for discrimination. Batson, supra. We find significant the pattern of jury strikes against black members arising from Mobile County meriting reversal. See Ex parte Bird, supra; Harrell v. State, 571 So.2d 1270 (Ala.1990), cert. denied, ___ U.S. ___, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991); Jackson v. State, 557 So.2d 855 (Ala.Cr.App.1990); Madison v. State, 545 So.2d 94 (Ala.Cr.App.1987). However, this fact alone does not prove the strikes were used in a discriminatory manner. Hart v. State, [Ms. 89-722, February 28, 1992], 1992 WL 73111 (Ala.Cr.App.1992).
Another factor to consider is the type and manner of questions asked of those jurors who were struck. Hart, supra. The record shows that the prosecution asked only a few questions during voir dire, of which only one garnered a response. Therefore, the prosecutor did not determine any possible bias which the veniremembers might have had.
Juror number 8 was removed from the jury for discriminatory reasons in violation of Batson. Because that error was committed, we forego consideration of the other issue raised by the appellant. For the reasons stated above, the judgment in this case is reversed and the case remanded to the Circuit Court for Mobile County for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.
NOTES
[1] Batson v. Kentucky, 476 U.S. 79, S.Ct. 1712, 90 L.Ed.2d 69 (1986).