The appellant's statement of the case, with which the appellee substantially agrees, is as follows:
 "Plaintiff/Appellant, Deborah Zanders ('Zanders'), filed suit in the Circuit Court of Hale County, Alabama, against Thelma Zanders ('Thelma'), for damages resulting from an automobile accident. The case against Thelma was settled for the policy limits of Thelma's liability coverage. Then, Zanders sued her own uninsured motorist carrier, ALFA, for her damage in excess of $20,000. At the trial, a jury was struck and both parties filed a Batson[1] motion, claiming the other party exercised peremptory strikes in a racially discriminatory manner. After a hearing, the court found that both parties had exercised challenges in a racially discriminatory manner and required the parties to strike a new jury from the original venire. The trial court held that conviction for a crime was not a sufficient race-neutral reason for striking a veniremember [in a civil trial]. Veniremember L. had been struck by Zanders because he had been convicted of a crime. The trial court then ordered Zanders not to strike L. when striking a new jury. L. served on the jury that returned a verdict against Zanders."
Zanders appeals, arguing that the trial court erred in prohibiting Zanders from exercising a peremptory challenge to remove a prospective juror because he had been convicted of a crime. We reverse and remand.
In this Court's recent decision in Ex parte Williams,627 So.2d 999 (Ala. 1993), we quoted with approval from Heard v.State, 584 So.2d 556, 560 (Ala.Cr.App. 1991): "A connection with or a founded suspicion of criminal activity can constitute a sufficiently race-neutral reason for the exercise of a peremptory strike." Following that quote in Williams, we added: "See also Warner v. State, 594 So.2d 664 (Ala.Cr.App. 1990), reversed, 594 So.2d 676 (Ala. 1992) See also Hawkins v. *Page 361 State, 594 So.2d 181 (Ala.Cr.App. 1991) (race-neutral strike of a black veniremember who knew an expert witness for the defense)."
The appellee, pointing out that all of the above-cited cases involved criminal convictions, strongly urges this Court to restrict Williams's application to criminal trials and to uphold the trial court's rejection of criminality as a sufficiently race-neutral reason for striking a prospective juror in a civil trial. While the argument for a criminal trial/civil trial distinction has a certain degree of persuasion, we believe there are overriding public policy considerations that militate against overly restricting the use of peremptory challenges, lest the right to peremptory challenges be totally consumed by the Batson prohibition.
The elimination of the peremptory challenge — a device calculated to enhance the chances of a fair and impartial trial — is not the goal of Batson; rather, Batson's goal is to eliminate racial discrimination in the jury selection procedure and thus to further ensure the overall beneficent purpose of due process. So long as there is a legitimate nonracial reason for the challenged strike, the Batson principles are not violated.
We hold, therefore, that the principle that "[a] connection with or a founded suspicion of criminal activity can constitute a sufficiently race-neutral reason for the exercise of a peremptory strike," made applicable to a criminal trial in Ex parte Williams, supra, is equally applicable to a civil trial.
Here, because the trial court improperly denied Zanders's right to peremptory challenges, the judgment is reversed and the cause is remanded for a new trial.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to §12-18-10(e), Ala. Code 1975, and it is hereby adopted as that of the Court.
REVERSED AND REMANDED.
ALMON, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986).