ON RETURN TO REMAND

McMILLAN, Judge.
This cause was remanded to the trial court with instructions to conduct an evidentiary hearing to determine whether a prima facie case of racial discrimination or gender-based discrimination occurred during the prosecutor’s exercising of his peremptory challenges during jury selection. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
The trial court, in compliance with this court’s order, conducted an evidentiary hearing and found that, because the State had used five of its eight peremptory challenges to strike black veniremembers and because a transcript of the voir dire examination was not recorded, it would assume that the appellant had proved a prima facie case of racial discrimination.
The State then gave the following reasons for its strikes:
Juror No. 189 — a black male struck because he knew the defendant;
Juror No. 6 — a black male struck because he knew Juror No. 189 and because the prosecutor thought the two might discuss the defendant’s case;
Juror No. 123 — a black male struck because he was a minister and because the prosecutor was concerned that he might make a decision based on compassion, especially in light of the defendant’s quoting of scripture during his first trial;
Juror No. 203 — a black male struck for the same reason as Juror No. 123, because his mother was a minister;
Juror No. 209 — a black female struck because she was nonresponsive and unemployed;
Juror No. 13 — a white female struck for the same reason as Juror No. 203, because she had family members who were ministers;
Juror No. 57 — a white female struck because she was nonresponsive to the prosecutor’s questions;
Juror No. 75 — a white female struck for the same reason as Juror No. 57.
The trial court’s findings that the aforementioned reasons were race- and gender-neutral were proper. “A trial court’s determination that the State’s exercise of its peremptory challenges was not racially or gender motivated is entitled to great deference.” Macon v. State, 659 So.2d 221 (Ala.Cr.App.1994).
The fact that Juror No. 189 knew the defendant is a valid race-neutral reason for striking that juror. See Bennett v. State, 659 So.2d 176 (Ala.Cr.App.1994). Further, fact that a juror was struck because he knew Juror No. 189 and they might discuss the case is a legitimate neutral reason. “So long as there is a non-racial reason for the challenge, the principles of Batson are not violated.” Zanders v. Alfa Mutual Insurance Co., 628 So.2d 360, 361 (Ala.1993).
*431 With regard to Juror No. 123, Juror No. 203, and Juror No. 13, two black males and one white female, the State did not err in striking them because they were ministers or related to ministers. As long as there is a legitimate non-racial reason applied equally to both black and white venire-members, the existence of discriminatory intent is rebutted. Carrington v. State, 608 So.2d 447, 449 (Ala.Cr.App.1992). Cf. Huntley v. State, 627 So.2d 1011 (Ala.Cr.App.1991), aff'd, 627 So.2d 1013 (1992) (wherein the Alabama Supreme Court held that the prosecutor’s reason for striking a church administrator because he might make a decision based on sympathy was not race-neutral. In so holding, the Court stated that the State failed to carry its “ ‘burden of articulating a clear, specific and legitimate reason for the challenges which related to the particular case to be tried, and which is non-discriminatory.’ Ex parte Branch, 526 So.2d 609, 623 (Ala.1987).” (Emphasis in original.) In Huntley, there was no evidence that whites were struck for being employed by the church. See also Ex parte McNair, 653 So.2d 353 (Ala.1994), cert. denied, — U.S. -, 115 S.Ct. 1121, 130 L.Ed.2d 1084 (1995).
The reason for the prosecutor’s striking of Juror No. 209, Juror No. 57 and Juror No. 75, a black male and two white females, i.e., they were nonresponsive to questions by the prosecutor, has been held to be a race-neutral reason. See Macon v. State, supra; Johnson v. State, 648 So.2d 629 (Ala.Cr.App.1994).
Because the prosecution went to great lengths to ensure that no disparate treatment based upon either race or gender occurred during the striking of the prospective jurors, the trial court was correct in finding that the State’s exercise of its peremptory challenges were race- and gender-neutral.
The judgment of the trial court is affirmed.
AFFIRMED.
All judges concur.