Raymond Pruitt was indicted for and convicted of robbery in the first degree, a violation of § 13A-8-41, Ala. Code 1975. He was sentenced to 50 years' imprisonment and ordered to pay a victims compensation assessment in the amount of $50, court costs, and restitution. This appeal followed.
Pruitt has submitted two issues for our consideration. Pruitt first argues that the trial court erred when it denied his Batson[1] motion. Pruitt challenges the exercise of strikes against black veniremembers who were affiliated with the military. Pruitt's father, a military officer, was expected to testify for the defense at trial. Pruitt contends the reason for excusing these veniremembers — that they were affiliated with the military — was pretextual.
The prosecutor exercised 10 of 11 peremptory strikes against black veniremembers. Pruitt made a Batson motion. Without ruling that Pruitt had established a prima facie case of discrimination, the trial court ordered the prosecutor to give reasons for his strikes. The prosecutor stated that he struck all active and retired military personnel because Pruitt's father, a career military officer, was present in uniform and was expected to testify; three black veniremembers were struck for this reason. Another black veniremember was struck because she was the wife of a military retiree. Of the remaining strikes against black veniremembers, the prosecutor stated that two of the veniremembers had family members who had been convicted of a crime, two jurors had not completed their juror questionnaires, one juror questioned the validity of eyewitness testimony and expressed the view that the justice system favored people with money, and one was a correctional officer who had previously been a police officer. The court found the reasons to be race-neutral and valid except for the strike against the correctional officer. The court placed this veniremember on the jury. *Page 103 
The court then required Pruitt's counsel to state his reasons for the use of all but one of his peremptory strikes against white veniremembers. Finding that both the State and Pruitt had given valid reasons for their peremptory strikes, the court noted that the jury was selected and ready to proceed. At this time, Pruitt stated that one of the members of the jury was married to a military retiree. The trial court stated that its duty was to see if both parties had valid race-neutral reasons for the use of their peremptory strikes. The trial court stated that it was satisfied with the reasons given and with the jury selected.
Pruitt argues that the strikes based on veniremembers' military affiliation were pretextual. He claims that because Pruitt's father testified only that his son was left-handed, that he never wore his hair in dreadlocks, and that his son was the person in a photograph, his military status had no bearing on the case. He also argues that because the State left a white spouse of a military retiree on the jury when it struck a similarly situated black veniremember ostensibly because she was married to a military retiree, this disparate treatment proves the strikes were pretextual.
"A trial court's ruling on a Batson objection is entitled to great deference, and we will not reverse the trial court's ruling unless it is clearly erroneous." Giles v. State, 815 So.2d 585, 586 (Ala.Crim.App. 2000). This Court has written:
 "A defendant is required to make a `prima facie' showing of racial discrimination before the trial court will review the prosecutor's reasons for its strikes of black veniremembers. Batson, 476 U.S. at 93-94, 106 S.Ct. at 1721. '[W]here a trial court has made no express finding that a prima facie case of discrimination has been established but nonetheless requires a prosecutor to explain its peremptory challenges, this court will consider such a finding to be implied and will proceed directly to evaluate the prosecution's explanations.' Sims v. State, 587 So.2d 1271, 1276 (Ala.Cr.App. 1991), cert. denied, [502] U.S. [1098], 112 S.Ct. 1179, 117 L.Ed.2d 423
(1992); Williams v. State, 548 So.2d 501 (Ala.Cr.App. 1988), cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989).
". . . .
 "'When explaining the basis for its peremptory strikes of blacks, the prosecution must offer a clear, specific, and legitimately race-neutral reason for each strike.' Sims v. State, 587 So.2d 1271
(Ala.Cr.App. 1991), cert. denied, [502] U.S. [1098], 112 S.Ct. 1179, 117 L.Ed.2d 423 (1992). See also Batson, 476 U.S. at 98, 106 S.Ct. at 1724 (`the prosecutor must articulate a neutral explanation related to the particular case'). '[T]he removal of even one juror for a discriminatory reason is a violation of the equal protection rights of both the excluded juror and the minority defendant. Moreover, this is true even though blacks may be seated on the petit jury and there were valid race-neutral reasons for striking other blacks from the jury.'"
Carter v. State, 603 So.2d 1137, 1138-39 (Ala.Crim.App. 1992).
The trial court properly found this reason to be valid. Pruitt's father was present in uniform and was expected to testify. The case against Pruitt turned on the jury's determination of the credibility of the victim's eyewitness testimony. It is reasonable that the prosecutor would prefer jurors who would be less likely to accord deference to a defense witness's testimony because of his military affiliation. The prosecutor's explanation related *Page 104 
to this particular case, and, therefore, was race-neutral.
 "'"Once the prosecutor has articulated a nondiscriminatory reason for challenging the black jurors, the other side can offer evidence showing that the reasons for explanations are merely a sham or pretext. [People v.] Wheeler, 22 Cal.3d [258] at 282, 583 P.2d [748] at 763-64, 148 Cal.Rptr. [890] at 906 [1978]. Other than reasons that are obviously contrived, the following are illustrative of the types of evidence that can be used to show sham or pretext:
"'". . . .
 "'"3. Disparate treatment — persons with the same or similar characteristics as the challenged juror were not struck. Slappy [v. State], 503 So.2d [350] at 354 [Fla.Dist.Ct.App. 1987]; [People v.] Turner, 42 Cal.3d [711] at 725, 726 P.2d [102] at 110, 230 Cal.Rptr. [656] at 664 [1986]; Wheeler, 22 Cal.3d 282, 283 [583] P.2d at 760, 148 Cal.Rptr. at 906."'"
Carrick v. State, 580 So.2d 31, 32 (Ala.Crim.App. 1990).
Pruitt also argues that the State engaged in disparate treatment because it left a white spouse of a military retiree on the jury when it struck a similarly situated black veniremember because she was married to a military retiree. However, the record does not contain any evidence to support Pruitt's assertion that the State left a white spouse of a military retiree on the jury. It is not clear how defense counsel or the prosecutor knew of the veniremembers' military affiliation. This information may have been obtained from the jury questionnaires, which are not part of the record, or it may have been provided during proceedings conducted off the record. The trial court should have investigated the matter after defense counsel made the allegation that the State had engaged in disparate treatment. Instead the trial court stated:
 "Well, Mr. Turner, I don't — there might be some other people that someone missed or didn't get or whatever. I mean, we're not going to sit and pick through every one of the jurors. That's not what we're going to do. I've already gone through and ruled on it, so let's go get the jury."
(R. 61.) Thus, the trial court precluded Pruitt from offering proof to support his allegation. Therefore, we remand this cause to the trial court for an evidentiary hearing to determine if the State left a white spouse of a military retiree on the jury when it struck a similarly situated veniremember, thereby engaging in disparate treatment. If the trial court finds that the State engaged in disparate treatment, the only remedy it has is to set aside Pruitt's judgment of conviction and order a new trial. The trial court is directed to file a return to this Court within 60 days, and to include in that return any testimony taken, as well as the court's written findings and conclusions. We pretermit discussion of Pruitt's other allegation of error until we hear from the trial court on remand.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] Batson v. Kentucky, 476 U.S. 79 (1986). *Page 105