WELCH, Judge,
dissenting.
I cannot agree with the analysis in the majority’s opinion concluding that, because the trial court was necessarily aware of the Houston Circuit' Court’s history of successful Batson[7] challenges and was thus eogni- *971 zant of the potential for disparate treatment of certain discrete groups, of venire members, and because of the heightened scrutiny this Court would give to this issue on return to remand, there was no basis for a finding that the trial court improperly .determined that the State., ,protperly struck Juror No. 58. That,, to me, is .not a valid reason for such a finding.
The opinions reversing the Houston Circuit Court on Batson grounds date from 1991, 17 years ago. The most recent of those opinions was published in 19.98, ten years ago. The judge presiding, over this case was not the judge sitting in any of the five cases cited in the opinion in which defendants in the Houston Circuit Court had made successful Batson challénges, requiring reversal of their cases, The argument that the trial court would not have made an improper ruling because improper rulings had been made in the circuit in the past is specious. -
I agree with the majority and "the trial court that the State articulated proper race- and gender-neutral reasons for the majority of its strikes. I write only to address the efficacy of the strike of Juror No. 58, the subject of the argument set forth above. ,
■ The record on return to remand shows the following. . Juror No. 58 was a black female. In its order entered after. < the Batson hearing, the trial court noted that “the State could not remember why she was struck.”1 (Supp. CR. 17.) On the State’s strike list, which was submitted into evidencé at the Batson hearing, there was no notation by Juror 58’s name, only the letter “B,” which indicated that the venire member was black. (Supp. R. 58.) A second document submitted by the .State shows each juror’s name, past jury service, and any criminal charges against that, juror. I note that Juror No. 58’s name appears to have been cut off at the bottom of a page of the list. At any rate, the , name does not appear on the list.
At the hearing, the prosecutor testified that Juror No. 58 failed to respond to any questions posed by the State, the defense, or the court. It is true that the stated reason, for striking veniremembers who are nonresponsive to questions posed by the prosecutor has been held to be a race-neutral reason for a peremptory challenge. Jackson v. State, 686 So.2d 429 (Ala.Crim.App.1996); and Johnson v. State, 648 So.2d 629 (Ala.Crim.App.1994). However, in this case, the record shows that the State did not strike two white members of the venire, M.A. and A.B., who did not respond to any questions posed during voir dire. In fact, one of those veniremembers, M.A., had a. “plus” by her name, which meant that the prosecutor believed that she would be a good juror for the State.
In Ex parte Branch, 526 So.2d 609, 623 (Ala.1987), the Alabama Supreme Court stated that a relevant factor to consider when determining whether a defendant had established a prima facie case of racial discrimination was, among other things, “[djisparate treatment of members of the jury venire with the same, characteristics, or who answered a question in the same or similar manner.”
After Floyd pointed out that the State did not strike two white jurors who had not answered any questions on voir dire, the State did not provide any other basis for its decision to strike Juror No. 58.
“The trial court’s' ruling (regarding whether the prosecutor offered race-neutral, explanations for peremptory challenges] will be overturned. only if it is ‘clearly erroneous.’ Ex parte Branch, 526 So.2d 609, 625 (Ala.1987).” Hall v. State, 816 So.2d 80, 87-88 (Ala.Crim.App.1999). *972 I believe that the record provides clear evidence of disparate treatment of white venire members and treatment of Juror No. 58 and' that the State improperly-struck Juror No. 58'based solely upon her race. “ ‘[T]he removal of even one juror -for a discriminatory reason is a violation of the equal protection rights of both the excluded juror and the minority defendant. Moreover, this is true even though blacks may be seated on the petit jury and there were valid race-neutral reasons for striking other blacks from the jury.’ ” Pruitt v. State, 871 So.2d 101, 108 (Ala.Crim.App.2003), quoting Carter v. State, 603 So.2d 1137, 1138-39 (Ala.Crim.App.1992).
Because the State violated the requirements of Batson in this case, I believe the conviction in this case is due to be reversed and Floyd is entitled to a new trial. Accordingly, I must respectfully dissent.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. : 1712, 90 L.Ed.2d 69 (1986).,.