This is a death penalty case. We granted certiorari as a matter of right to review the Court of Criminal Appeals' affirmance of the Defendant's conviction and sentence. On appeal, appointed counsel and amicus curiae, appearing by leave of court, argue but a simple issue: whether the Court of Criminal Appeals, 459 So.2d 933, erred in not granting the Defendant a new trial on the ground of incompetency of trial counsel, or, in the alternative, an evidentiary hearing for findings of fact as to the competency vel non determination.
Because of the seriousness of the Defendant's allegations challenging trial counsel's competency, along with a statement of record by one of Defendant's appointed co-trial counsel to the effect that a conflict between co-counsel had worked to the prejudice of the Defendant in the defense of his case, we remand this cause to the Court of Criminal Appeals with the following instructions:
1) To remand this cause to the trial court for an evidentiary hearing on the single issue of the Defendant's challenge to the competency of his appointed trial counsel;
2) To direct the trial court to make findings of fact relating to such issue; and
3) Upon receipt of the trial court's findings of fact, to conduct an independent review thereof and make a final determination of the competency of counsel vel non issue.
REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
MADDOX and EMBRY, JJ., not sitting.
On remand, Ala.Cr.App., 459 So.2d 943, appeal after remand, Ala.Cr.App., 459 So.2d 944, judgment affirmed, Ala.,459 So.2d 948.