LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant-appellant guilty on a trial under an indictment that charged in pertinent part that he “did engage in sexual intercourse” with a named person, “a female, by forcible compulsion, in violation of § 13A-6-61 of the Code of Alabama,” which classifies rape in the first degree as a Class A felony, which by § 13A-5-6(a)(l) is punishable by imprisonment “for life or not more than 99 years or less than 10 years.” The court sentenced him to imprisonment for forty-five years.
Before the commencement of the trial of the case, this appellant was determined to be an indigent, and an attorney of Huntsville was appointed to represent him, which the attorney did throughout the trial, the return of the verdict, and the judgment of conviction and sentence, when said appointed trial attorney was relieved by a retained attorney, the same attorney who has continued to represent him on this appeal, after having filed a motion for “Judgment of Acquittal and/or New Trial” and a “Motion for Reconsideration of Sentence,” which were overruled by the trial court.
In a forty-five page brief, in which appellant’s attorney argues that the judgment of .conviction and sentence should be reversed, the following is the only issue presented:
“WHETHER THE DEFENDANT WAS DENIED THE REASONABLY EFFECTIVE ASSISTANCE OF COUNSEL.”
Appellant’s attorney cites a number of authorities in support of his contention that defendant’s trial attorney did not afford defendant reasonably effective assistance. A directly opposite position is taken in brief of counsel for appellee, in which he cites authorities to support his contention that the appointed counsel of appellant measured up to the Constitutional requirement in every particular challenged by appellant. This apparent agreement between appellant and appellee that this Court should decide the issue without an opportunity for the trial court to first pass upon the issue, which appellant could have done by a cor-am nobis proceeding without any permission from an appellate court, presented the writer of this opinion with a considerable quandary. This quandary has been removed, however, by the writer’s attention having been called to relatively recent cases, including particularly Daniel v. State, Ala.Cr.App., 459 So.2d 933 (1982), which on certiorari was remanded in Ex parte Daniel, Ala. 1982, 459 So.2d 942, to this Court with instructions, inter alia, to “remand” the “cause to the trial court for an evidentiary hearing on the single issue of the Defendant’s challenge to the compe *771 tency of his appointed trial counsel,” which remandment with instructions was complied with in Daniel v. State, Ala.Cr.App., 459 So.2d 943, by a remandment of the case with directions to the trial court “to conduct hearing in accordance with Ex parte Daniel, supra. ” Then followed an affirmance by the Court, at 459 So.2d 944, of the original judgment of conviction of and sentence by the trial court upon its “Return to Remand”, and an affirmance of said judgment of this Court by the Alabama Supreme Court, at 459 So.2d 948.
In the light of what has been decided by the Alabama Supreme Court and this Court, it is clear that this Court should not now endeavor to make a final determination of the issue presented to it for a decision and should remand the case to the trial court with the following directions:
(1) The trial court shall conduct an evi-dentiary hearing on the single issue of whether he received effective assistance of counsel by the attorney representing him on the trial of the case; (2) the trial court shall give due notice to the parties, including particularly the appellant and appellant’s attorney, of the time and place of the hearing, and make appropriate arrangements for the attendance of the appellant at such hearing; (3) the trial court shall make findings of fact relating to the issue; (4) the trial court shall make due return to this Court to this order of remandment and provide for a court reporter’s transcript of the hearing to be forwarded in due course to this Court.
Either party aggrieved by the findings or conclusion of the trial court shall have twenty-eight days after the return to remand to file a brief in this Court, and the opposing party shall have fourteen days thereafter within which to file a reply brief.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur.