ON APPLICATION FOR REHEARING
The original opinion in this case issued on August 18, 1987, is hereby withdrawn and this opinion shall be substituted therefor.
On June 2, 1981, Billy Joe Magwood was convicted of capital murder pursuant to § 13-11-2(a)(5), Code of Alabama 1975, and was sentenced to death. His conviction was affirmed by this court, Magwood v. State, 426 So.2d 918 (Ala.Cr.App. 1982), and by the Alabama Supreme Court, Ex parte Magwood, 426 So.2d 929
(Ala. 1983). Magwood then petitioned the circuit court for writ of error coram nobis. The petition *Page 513 
was denied, and that denial was affirmed on appeal. Magwood v.State, 449 So.2d 1267 (Ala.Cr.App.), motion for out of timeappeal denied, 453 So.2d 1349 (Ala. 1984).
Magwood subsequently filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Alabama. That court upheld the conviction, but granted the writ with respect to Magwood's sentencing, holding that the trial court erred in finding that two mitigating circumstances did not exist: 1) that the capital felony was committed while the defendant was under the influence of extreme mental or emotional disturbance; and 2) that the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired. Magwood v. Smith, 608 F. Supp. 218,224-28 (M.D.Ala. 1985). However, the district court expressly stated that this did not preclude the imposition of the death penalty upon resentencing. Id., at 228. The United States Court of Appeals for the Eleventh Circuit affirmed the district court's decision. Magwood v. Smith, 791 F.2d 1438 (11th Cir. 1986).
The trial court held a second sentence hearing on September 17, 1986. On October 2, 1986, the trial court, after reweighing the aggravating and mitigating circumstances in accordance with the order of the federal courts, again sentenced Magwood to death. The facts of the case, including the details of the events leading up to and following this homicide, are sufficiently presented in our previous opinion reported asMagwood v. State, 426 So.2d 918 (Ala.Cr.App. 1982).
 I
The decision of our Supreme Court in Beck v. State,396 So.2d 645 (Ala. 1980), requires this Court to review the propriety of the death sentence in this case. In Beck, supra,396 So.2d at 664, that Court held as follows:
 "To ensure that sentences of death will not be arbitrarily and capriciously imposed, we hold that the Court of Criminal Appeals and this Court should examine all death sentences in light of the standards and procedure approved in Gregg [v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)]. Each death sentence should be reviewed to ascertain whether the crime was in fact one properly punishable by death, whether similar crimes throughout the state are being punished capitally and whether the sentence of death is appropriate in relation to the particular defendant."
Nothing contained in this record even suggests that the trial judge imposed the death penalty under the influence of passion, prejudice, or any other arbitrary factor.
First, the defendant was convicted of violating § 13-11-2(a)(5), Code of Alabama 1975, on its face a capital offense. Second, the murder of a law enforcement officer in the course of his duties is one for which the death penalty is generally imposed throughout this state. See, Harrell v. State,470 So.2d 1303 (Ala.Cr.App. 1984), aff'd, 470 So.2d 1309
(Ala.), cert. denied, 474 U.S. 935, 106 S.Ct. 269,88 L.Ed.2d 276 (1985); Daniel v. State, 459 So.2d 933 (Ala.Cr.App.),remanded on other grounds, 459 So.2d 942 (Ala. 1982), aff'd onreturn to remand, 459 So.2d 944 (Ala.Cr.App.), aff'd,459 So.2d 948 (Ala. 1984), cert. denied, 471 U.S. 1009,105 S.Ct. 1878, 85 L.Ed.2d 170 (1985).
Third, the death sentence is appropriate to this defendant. Our independent weighing of the aggravating and mitigating circumstances indicates that the death penalty was the appropriate sentence in this case. The trial court correctly found that one statutory aggravating circumstance, as allowed by Ex parte Kyzer, 399 So.2d 330 (Ala. 1981), existed. See alsoJackson v. State, 501 So.2d 542 (Ala.Cr.App. 1986). This was the aggravation averred in the indictment that Magwood murdered a law-enforcement official while that official was on duty or because of some official or job-related act or performance of that official. The trial court's findings were also correct in that four statutory mitigating circumstances existed: (1) the defendant had no significant history of prior criminal *Page 514 
activity; (2) the relatively young age, twenty-seven, of the defendant at the time of the crime; (3) the capital felony was committed while the defendant was under the influence of extreme mental or emotional disturbance; and (4) the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired. § 13-11-7(1), (2), (6), (7), Code of Alabama 1975. However the fact that there were four mitigating circumstances and only one aggravating circumstance does not indicate that a death sentence should not have been imposed.
 "The determination of whether the aggravating circumstances outweigh the mitigating circumstances and vice versa, is not a numerical one. See Alabama Code § 13A-5-48 (1975). It is based on the gravity of the aggravating circumstances compared to that of the mitigating circumstances.
 "This court has held that a finding of only one aggravating circumstance is sufficient to support a sentence of death, and we are of the opinion that it is sufficient to sustain the death penalty in this cause. See Keller v. State, 380 So.2d 926
(Ala.Cr.App. 1979)."
Murry v. State, 455 So.2d 53, 66-67 (Ala.Cr.App. 1983), rev'don other grounds, 455 So.2d 72 (Ala. 1984). As stated by the Alabama Supreme Court in Ex parte Cook, 369 So.2d 1251, 1257
(Ala. 1978):
 "We can readily envision situations where several aggravating circumstances may not be sufficient to outweigh only one mitigating circumstance and, on the other hand, where numerous mitigating circumstances may be present but opposed to one aggravating circumstance so outrageous as to justify the death penalty."
We find this to be the case here. "Few crimes so tear at the very fabric of our criminal justice system as does the intentional killing of one charged with and actively engaged in enforcing the law." Anderson v. State, 457 So.2d 435, 445
(Ala.Cr.App.), aff'd, 457 So.2d 446 (Ala. 1984). Thus, the trial court acted correctly in giving great weight to the one aggravating circumstance. We agree with this finding.
The trial court also correctly weighed the mitigating circumstances. The facts that Magwood was twenty-seven at the time of the crime and had no significant history of prior criminal activity do little to diminish the seriousness of his crime. The same is true with regard to the two mitigating circumstances involving Magwood's mental condition — that the defendant committed the offense while under the influence of extreme mental or emotional disturbance, and that the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially diminished. While these circumstances were considered by the trial court, they were not entitled to as much weight as they might have been entitled in another case. As the trial court found, the motive for the crime was revenge for the defendant's arrest on what he considered insufficient reasons. In the words of the trial court, the murder was "contrived, calculated and previously designed." We agree with the trial court's finding that the "mental condition of Magwood was not the sole cause of the murder." We hold that these mitigating circumstances failed to outweigh the one aggravating circumstance and that the death penalty was appropriate in this case.
The three-pronged analysis required by Beck has since, however, been replaced by the procedures for review set out in § 13A-5-53, Code of Alabama 1975. Because this statute was enacted after Magwood's 1981 conviction, we will also review his sentence under our current statute.
Section 13A-5-53(a), Code of Alabama 1975, requires this court to review the propriety of the death sentence in this case. Our review must include a determination of the following questions:
 "(1) Was any error adversely affecting the rights of the defendant made in the sentence proceedings?
 "(2) Were the trial court's findings concerning the aggravating and mitigating circumstances supported by the evidence? *Page 515 
 "(3) Was the death penalty the proper sentence in this case?"
Morrison v. State, 500 So.2d 36, 37, 56 (Ala.Cr.App. 1985),aff'd, 500 So.2d 57 (Ala. 1986), cert. denied, 481 U.S. 1007,107 S.Ct. 1634, 95 L.Ed.2d 207 (1987).
As to the first question, this court has reviewed the sentence proceedings and has found no error adversely affecting Magwood's rights. As to the second question, we have reviewed the record and are satisfied that the trial court's written findings concerning the aggravating and mitigating circumstances are fully supported by the evidence. To answer the third question, whether the death penalty was the proper sentence in this case, we must determine:
 "(1) Whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor;
 "(2) Whether an independent weighing of the aggravating and mitigating circumstances at the appellate level indicates that death was the proper sentence; and
 "(3) Whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant."
§ 13A-5-53(b), Code of Alabama 1975. This section of the statute is more or less a codification of the requirements found in Beck. Our previous determination that death was the appropriate sentence in this case was made using the Beck
analysis; therefore, we see no need to readdress this issue. Thus, under both standards of review, we find that sentencing the defendant to death was appropriate in this case.
 II
The defendant also claims that the trial court erred when it instructed the jury at his 1981 trial that "a mitigating circumstance need only be proven to your reasonable satisfaction and not beyond a reasonable doubt." The attorney general contends that since no objection was raised by the defendant to this instruction at trial, or at any other time during his lengthy appeals process, Rule 14 of our Temporary Rules of Criminal Procedure prohibits him from raising this issue for the first time at this stage of the appeals process. Under normal circumstances, this rule would prevent our review of this issue. As previously discussed, however, this case involves the imposition of the death penalty; therefore, we must first look to Rule 45A, Alabama Rules of Appellate Procedure, to determine the scope of review in the present case. Rule 45A, A.R.A.P., requires this court to search the record in all death penalty cases for any plain error or defectin the proceedings under review, whether or not brought to the attention of the trial court.
The proceeding under review in the instant case is the 1986 resentencing hearing, and not the defendant's 1981 trial. Thus, Rule 45A, A.R.A.P., does not require us to review any proceeding other than defendant's 1986 resentencing hearing. Rule 14, A.Temp.R.Cr.P., therefore, does indeed prevent the defendant from raising this issue for the first time at this stage of the appeals process. Thus, the defendant effectively waived any error in the jury instructions at the 1981 jury sentence hearing and is procedurally barred from raising it more than six years after it was given. To determine otherwise would serve to undermine the finality so badly needed in capital cases. We hold, therefore, that Rule 45A, A.R.A.P., applies only to the scope of proceedings under review, and not to all past proceedings in the case. Accordingly, the defendant cannot now raise alleged errors from a phase of the trial not under review.
Even if we were to consider the merits of defendant's argument that the trial judge's instruction constituted plain error because it shifted the burden of proving mitigating circumstances to the defense, which he contends is contrary to Alabama law, the defendant would still not prevail, as his contention is an incorrect statement of the law. The correct statement of the law regarding this issue is found inCochran v. State, 500 So.2d 1161, 1171-73 (Ala.Cr.App. 1984),remanded on other grounds, 500 So.2d 1179 (Ala. 1985), aff'd onremand, 500 So.2d 1188 (Ala.Cr.App.), *Page 516 aff'd, 500 So.2d 1064 (Ala. 1986), cert. denied, 481 U.S. 1033,107 S.Ct. 1965, 95 L.Ed.2d 537 (1987), where we held that under our 1975 capital murder statute, placing the burden on the defendant to prove mitigating circumstances to the reasonable satisfaction of the jury was legal. Thus, no plain error was committed by the trial court in giving this instruction.
For the above stated reasons, this cause is due to be, and it is hereby, affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED; APPLICATION OVERRULED.
All the Judges concur.