[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 475 
Earl Jerome McGahee was convicted of two counts of capital murder; the trial court accepted the jury's recommendation and sentenced McGahee to death on each count. The Court of Criminal Appeals affirmed the conviction but vacated the sentence and remanded the cause for a new sentencing hearing. McGahee v.State, 554 So.2d 454 (Ala.Cr.App. 1989). Both McGahee and the State seek review of that judgment. We affirm.
McGahee entered a classroom at George C. Wallace Junior College in Selma and killed Connie Brown, his former wife. He shot Cassandra Lee with a pistol, and she died from complications from the gunshot wounds. During the sentencing phase of the trial, the State introduced testimony from Roy Brown, Connie Brown's brother. He testified that he was at work when he learned that his sister had been attacked. Brown further testified that, after learning of the attack, he got a shotgun and went to the junior college, intending to shoot McGahee if McGahee had seriously injured his sister. The police took the gun from Brown when he arrived at the junior college. McGahee objected to this testimony as irrelevant, and the State replied that Brown's testimony was introduced to establish the aggravating circumstance set forth in Ala. Code 1975, §13A-5-49(3), that McGahee "knowingly created a great risk of death to many persons."
The Court of Criminal Appeals wrote that Brown's reaction was not "certainly foreseeable" by McGahee and did not create a great risk of death to many people, because Brown intended, at the worst, to harm only one person — McGahee. That court further held that the testimony was "irrelevant in any context involving the sentencing proceedings" and that the "State's introduction of Brown's testimony was an act of overkill . . . an attempt to inflame the jury by showing the reaction of a family member of the victim." Also, that court held that Brown's testimony violated the principles announced in Booth v.Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987). In Booth, the United States Supreme Court held that the emotional distress of the victim's family was not a proper sentencing consideration in a capital case.
The State argues that the admission of Brown's testimony was harmless error, because, it argues, other evidence tended to prove the very thing that the State argues that Brown's testimony was offered to prove, i.e., that McGahee created a great risk of death to many persons. This argument assumes that Brown's testimony was indeed relevant to show that McGahee created a great risk of death to many persons, the aggravating circumstance of § 13A-5-49(3). We hold that the Court of Criminal Appeals correctly determined that the testimony was not relevant to show that aggravating circumstance. The State also contends that Brown's testimony did not violate the principles announced in Booth, supra, because, it says, Brown's testimony was shorter and less dramatic than the testimony inBooth. The Court of Criminal Appeals correctly held that Brown's testimony violated Booth.
McGahee raises several matters that he argues constitute reversible error. Most of these matters were discussed in the Court of Criminal Appeals' opinion. McGahee makes several arguments: (1) that the prosecution used its peremptory challenges to strike black veniremembers for reasons that were not race-neutral, in violation of the principles announced inBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986), and Ex parte Branch, 526 So.2d 609 (Ala. 1987); (2) that the trial court improperly refused to allow him to testify concerning a statement made *Page 476 
by Connie Brown; (3) that the trial court erred when it denied his motion to depose Dr. Glenn King; and (4) that the psychiatrists who evaluated him to determine whether he was competent to stand trial and whether he was sane at the time he committed the killings did not spend sufficient time with him to make those determinations. Though we do not hold that Court of Criminal Appeals committed reversible error in relation to any of these issues, our holding is not to be construed to mean that we either accept or reject the rationale that that court used in coming to the result it reached. Rather, on our own, we have thoroughly and completely reviewed the record and the pertinent case law, and we hold that none of the Court of Criminal Appeals' rulings constitutes reversible error.
McGahee contends that the failure of a member of the Lunacy Commission to evaluate him concerning his criminal responsibility at the time he committed the killings violated the due process provisions of the Constitutions of Alabama and the United States. After McGahee was arrested, the trial court sent him to Taylor Hardin Secure Medical Facility for examination to determine whether he was competent to stand trial and whether he was sane at the time he killed the two women. Ala. Code 1975, § 15-16-22. At Taylor Hardin, three psychiatrists, who constituted a Lunacy Commission, examined McGahee and determined that he was competent to stand trial. McGahee, at trial, called the three psychiatrists as witnesses. Two of the three psychiatrists testified that, in their opinion, McGahee was sane at the time he killed Brown and Lee. The other psychiatrist testified that he did not evaluate McGahee's sanity at the time McGahee committed the killings. He also testified that, in his opinion, his report would be useful in deciding whether McGahee was insane at the time of the killings. That psychiatrist's report, along with the entire file from Taylor Hardin, was introduced into evidence byMcGahee, who used the psychiatrist's failure to examine McGahee's sanity at the time of the killings as the basis for a motion for a mistrial.
McGahee argues that if the psychiatrist had examined him and found him not sane at the time he committed the killings, then he could have used that testimony to argue to the jury that he was not sane. Furthermore, McGahee argues, the jury, as the trier of fact, determines whether he was sane at the time he committed the crimes, and the only evidence that the jury had before it was evidence that he was sane at the time he committed the killings. Accordingly, McGahee argues, he was denied due process.
The purpose of the examination ordered pursuant to § 15-16-22
is to aid the trial court in determining whether a defendant is competent to stand trial and in making a preliminary investigation of the sanity of a defendant charged with a capital offense before the issue of insanity is submitted to a jury in a trial. Benton v. State, 31 Ala. App. 338, 18 So.2d 423
(1944) (commenting on predecessor to § 15-16-22). Whether the results of such an examination are admissible is within the trial court's discretion. See Benton, supra; Robinson v. State,428 So.2d 167 (Ala.Cr.App. 1982). McGahee, not the State, introduced the reports to the jury; he cannot complain of an alleged violation of due process when, if there was a violation, it resulted directly from his own action in putting the evidence into the record.
Finally, McGahee argues that there was an overlap between the definition of the capital offense that he was indicted for and an aggravating circumstance considered in sentencing, and that because of that overlap substantive evidence of the crime itself was also used in the sentencing phase of the trial. That overlap, McGahee argues, deprived him of due process and violated constitutional prohibitions against double jeopardy. What McGahee apparently means is that the indictment charged him with murder during a sexual abuse, Ala. Code 1975, §13A-5-40(a)(8); he claims that evidence of that crime, murder during a sexual abuse, was also used in the sentencing phase of the trial as an aggravating circumstance, Ala. Code 1975, *Page 477 
§ 13A-5-49(4), for which he may have received the death penalty. The trial court, however, held that sexual abuse was not an aggravating circumstance in this case. Accordingly, there was no error.
The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, HOUSTON and KENNEDY, JJ., concur.
STEAGALL, J., concurs in part and dissents in part.