ON RETURN TO REMAND
On May 12, 1989, this court affirmed the appellant's convictions for two counts of capital murder but vacated his sentence of death and remanded the cause to the circuit court with instructions that a new sentence hearing be conducted.McGahee v. State, 554 So.2d 454 (Ala.Crim.App. 1989), aff'd,554 So.2d 473 (Ala. 1989).
On remand, a sentencing jury was struck. Prior to the jury's being sworn, the court learned that three of the jurors had read newspaper articles about this case and that two of the jurors had remembered that the appellant had been sentenced to death in his *Page 978 
first trial. At this time, the court declared a mistrial and transferred the proceedings to Marengo County. The evidence presented at the new sentence hearing was similar to the evidence presented during the guilt phase of the appellant's trial and summarized in this court's original opinion. Following the hearing, the jury recommended that the appellant be sentenced to life imprisonment without the possibility of parole by a vote of 2 for death and 10 for life imprisonment without parole. After the sentence hearing before the jury, the case was transferred back to Dallas County by agreement of the parties. After another sentence hearing before the circuit judge, the judge sentenced the appellant to death.
 I
The appellant argues that the trial court erred by refusing to allow him to present "the testimony of the doctors who performed autopsies on electrocuted persons and of the Warden of the prison who actually causes the electrocution to occur." (Appellant's brief, p. 42.) The appellant asserts that this evidence constitutes a mitigating circumstance. This evidence does not constitute evidence of one of the statutory mitigating circumstances enumerated in § 13A-5-51, Code of Alabama 1975. Section 13A-5-52, Code of Alabama 1975 provides:
 "In addition to the mitigating circumstances specified in section 13A-5-51, mitigating circumstances shall include any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant offers as a basis for a sentence of life imprisonment without parole instead of death, and any other relevant mitigating circumstance which the defendant offers as a basis for a sentence of life imprisonment without parole instead of death."
The physical effects of electrocution are not an aspect of the appellant's character or record and are not relevant to any of the circumstances of the crime; and we conclude that this type of evidence does not constitute evidence of mitigation. If the physical effects of electrocution constituted a mitigating circumstance, then every defendant in a case involving the death penalty would have at least one mitigating circumstance. As we stated in DeBruce v. State, [CR-91-881, March 5, 1993], 1993 WL 56273 (Ala.Crim.App. 1993), "[t]he manner in which the death sentence is carried out is not an issue for the jury." Therefore, this argument is without merit.
 II
The appellant contends that the jury that found him guilty during the guilt phase of the trial was drawn from a special venire, in violation of § 12-16-100, Code of Alabama 1975. Section 12-16-100(a) provides, in pertinent part: "No special venire shall be ordered, drawn, or summoned from the trial of any person indicted for a capital felony." This court affirmed the appellant's conviction for capital murder and remanded this cause to the circuit court with instructions that that court conduct a new sentencing hearing. The Alabama Supreme Court affirmed this court's judgment. Thus, only the second sentencing hearing is before us for review. Giles v. State,632 So.2d 568 (Ala.Crim.App. 1992); Magwood v. State,548 So.2d 512 (Ala.Crim.App. 1988), aff'd Ex parte Magwood,548 So.2d 516 (Ala. 1988). "[T]he defendant cannot now raise alleged errors from a phase of the trial not under review." Magwood, 548 So.2d at 515.
 III
The appellant contends that the jury override provision of § 13A-5-47(e), Code of Alabama 1975, allows for the standardless imposition of the death penalty and that it is unconstitutional. The appellant also argues that Alabama should adopt the jury override standard prescribed in Tedder v. State,322 So.2d 908 (Fla. 1975). Other appellants have raised these contentions before this court and they have been decided adversely to those appellants. See Coral v. State,628 So.2d 988 (Ala.Crim.App. 1992) (and cases cited therein); Parker v.State, 587 So.2d 1072 (Ala.Crim.App. 1991).
 IV
At the beginning of the sentencing hearing, the following occurred: *Page 979 
 "MR. BOYNTON: [Defense counsel] Your Honor, at this time, I would like to make an objection, a motion in limine of any proceedings being had outside the presence of a capital felony defendant. I understand that the Defendant, for some reason is not here and the jury panel is here, and it's the intention of the Court to go forward for the limited purpose of qualifying the jury.
 "THE COURT: General qualifications. I'm going to do the general qualifications we do to start off this term, then we'll probably at that point decide to put them in panel and then we'll put them in recess until probably two o'clock this afternoon.
 "MR. BOYNTON: All right. I still want to make an objection to that."
(R. 3.) At this point, all of the jurors were asked to state their names, their addresses, and their place of employment. The trial court then asked the venire some general qualification questions and excused some of the jurors because of undue hardship. The court then recessed. When court reconvened, the appellant was present and the voir dire of the venire began.
 "The right to a public trial is concomitant with the right to due process and the right to confront the witnesses against oneself includes a right of the defendant and his attorney to be present at all stages of a criminal proceeding. The right to be present at one's own trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution and Article I of the Alabama Constitution."
Ex parte Stout, 547 So.2d 901, 903 (Ala. 1989). "A defendant is entitled to be present at every stage of his trial." Calhoun v.State, 530 So.2d 259, 262 (Ala.Crim.App. 1988). See also,Stout, Speer v. State, 570 So.2d 1271 (Ala.Crim.App. 1990). This includes "the right to be present at the examination and selection of the jury." Calhoun, 530 So.2d at 562. Seegenerally Jury Selection — Accused's Absence, 33 A.L.R.4th 429 (1984). "The right to be present extends to the sentencing as well as the guilt portion of a capital trial." Proffitt v.Wainwright, 685 F.2d 1227, 1257 (1982). Although a defendant's presence can be waived in a noncapital case, Calhoun, "a capital defendant's right to presence is nonwaivable."Proffitt, 685 F.2d at 1258. See also McMillian v. State,594 So.2d 1253 (Ala.Crim.App. 1991).
Furthermore, the record is clear that even if a capital defendant could waive his presence at trial, this appellant did not waive his presence because defense counsel objected to the appellant's absence from the courtroom during the initial qualification of the jury. Although the appellant objected to the appellant's absence at the beginning of the jury qualification during the sentencing hearing, he failed to raise this matter on appeal. Thus, we must determine whether this error can be noticed under the plain error rule, which provides:
 "In all cases in which the death penalty has been imposed, the court of criminal appeals shall notice any plain error or defect in the proceedings under review, whether or not brought to the attention of the trial court, and take appropriate appellate action by reason thereof, whenever such error has or probably has adversely affected the substantial right of the appellant." Rule 45A, A.R.A.P.
In Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262
(1884), the United States Supreme Court held that it was reversible error to empanel a jury without the presence of the accused and the Court stated that it is
 "essential to the protection of one whose life or liberty is involved in a prosecution for felony that he shall be personally present at the trial; that is, at every stage of the trial when his substantial rights may be affected by the proceedings against him. If he is deprived of his life or liberty without being so present, such deprivation would be without that due process of law required by the constitution. For these reasons we are of the opinion that it was error, which vitiated the verdict and judgment, to permit the trial of the challenges to take place in the absence of the accused."
Clearly, the United States Supreme Court, by reversing Hopt's conviction, believed that jury selection was a stage of the trial when an accused's substantial rights may be affected *Page 980 
by the accused's absence.[1] Thus, we are unable to say that this appellant's substantial rights would not be affected by our failure to notice this error. Rule 45A, A.R.A.P.
In McMillian v. State, 594 So.2d 1253 (Ala.Crim.App. 1991), this court held that the appellant's absence at a brief hearing where defense counsel moved for a mistrial did not constitute plain error. However, McMillian is easily distinguishable from this case. In McMillian, defense counsel did not object to the defendant's absence at the hearing. In fact, when the trial court asked defense counsel whether he wanted the defendant in attendance at the hearing, defense counsel stated that the defendant did not need to be present. This court did not say that defense counsel waived the presence of the appellant because the presence of a capital defendant is nonwaivable. However, the fact that defense counsel consented to the appellant's absence clearly played a role in our court's decision that the appellant's absence from the hearing did not constitute plain error.
In McMillian, this court found that McMillian's absence from the proceedings did not violate his confrontation rights because there were no witnesses or evidence to confront. This court further held that McMillian's due process rights were not violated because he had "advanced nothing to show that his presence at the hearing would have been useful or that a fair hearing was thwarted by his absence." McMillian, 594 So.2d at 1270.
Obviously, the appellant's presence at every step of the jury selection process would be useful to defense counsel. Defense counsel's objection to the appellant's absence indicates that he believed that the appellant's presence would have been beneficial. Defense counsel believed that the appellant should have been able to hear the jurors state their names, addresses, and occupations and listen to their answers to the general qualification questions. Further, defense counsel must have felt that the appellant had a right to hear the reasons as to why jury service would be a hardship on them and the reasons the trial court excused some of these jurors. In light of the fact that Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), is an issue in so many cases and is applicable to both the prosecution and the defense, it seems imperative that the accused be allowed to participate completely in the jury selection process. Therefore, we find that the appellant's absence from part of the juror qualification process was plain error.
However, under the particular circumstances of this case, we find that the appellant would not benefit in any way from a new sentencing hearing. The appellant's guilt of the capital offenses has already been determined by a jury and affirmed by this court. A capital sentencing jury has only two options available to them — death or life imprisonment without the possibility of parole. The jury in this cause recommended the lesser sentence of life imprisonment without parole and the trial court considered the jury's recommendation in its determination of sentence. Therefore, under the particular circumstances of this case, the appellant would not benefit from another sentencing hearing by the jury because the best sentence he could receive is the one received from this particular jury and this error only affected that portion of the sentencing hearing.
 V
This court is required by § 13A-5-53(a), Code of Alabama 1975, to review this cause to determine whether any error adversely affecting the rights of the appellant was made during the sentencing proceedings and whether the trial court's findings concerning the aggravating and mitigating circumstances are supported by the record.
In its sentencing order, the trial court found the existence of three aggravating factors: 1) that the appellant had previously been convicted of a felony involving the use or threat of violence to the person; 2) that the appellant had knowingly created a great risk of death to many persons; 3) that the *Page 981 
capital offense was especially heinous, atrocious, or cruel when compared to other capital offenses. The evidence at the sentencing hearing showed that the appellant had been previously convicted for child abuse, that he had fired a gun in a classroom full of students, and that in addition to shooting his ex-wife and Cassandra Lee, the appellant had, prior to shooting his ex-wife, savagely beat her and Dee Ann Duncan and then had removed his ex-wife's clothing and had attempted to sexually abuse her. This evidence clearly supports the trial court's findings concerning the aggravating circumstances.
The trial court found the existence of four mitigating circumstances: 1) that the appellant had committed the capital offense while he was under the influence of extreme mental or emotional disturbance; 2) that the appellant had served honorably in the military; 3) that the appellant had experienced a religious conversion; and 4) that the appellant has expressed some remorse for his actions. The trial court stated in its order that it had carefully considered all of the testimony concerning whether the appellant's capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired due to his alcoholism, and it specifically found that this mitigating circumstance did not exist. A review of the record reveals that the trial court's finding concerning the existence of mitigating evidence is supported by the evidence.
We find no evidence in the record to suggest that the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor. Our independent weighing of the aggravating and mitigating circumstances convince us that death was the proper sentence. The appellant's sentence of death is not disproportionate to the penalty imposed in similar cases, considering the crime and this appellant. Holladay v. State, 549 So.2d 122 (Ala.Crim.App. 1988), aff'd, 549 So.2d 135 (Ala. 1989), cert. denied,493 U.S. 1012, 110 S.Ct. 575, 107 L.Ed.2d 569 (Ala. 1989); Hooks v.State, 534 So.2d 329 (Ala.Crim.App. 1987), aff'd,534 So.2d 371 (Ala. 1989), cert. denied, 488 U.S. 1050, 109 S.Ct. 883,102 L.Ed.2d 1005 (Ala. 1989). As stated previously in this opinion, the appellant's capital convictions have already been affirmed. The appellant's sentence of death is also hereby affirmed.
AFFIRMED.
All the Judges concur.
[1] We note that the United States Supreme Court reversed the judgment of the trial court, although there was no objection made on this ground in the trial court.