Earl Jerome McGahee was convicted of capital murder in 1986 for the 1985 murders of Connie Brown and Cassandra Lee, both students at George Wallace Junior College in Selma. McGahee entered the Wallace school building during a school day and shot the women to death. For a more complete recitation of the facts surrounding McGahee's conviction, see McGahee v. State,554 So.2d 454 (Ala.Crim.App. 1989). The trial judge overrode the jury's recommendation of life without parole and sentenced McGahee to death.
The Court of Criminal Appeals affirmed McGahee's conviction, but reversed his death sentence and remanded the case for a new sentencing hearing. McGahee v. State, supra. This Court affirmed the judgment of the Court of Criminal Appeals. McGaheev. State, 554 So.2d 473 (Ala. 1989). On remand, a new sentencing hearing was held, and the jury again recommended a sentence of life without parole. The trial court again rejected the jury's recommendation and sentenced McGahee to death. The Court of Criminal Appeals affirmed this sentence on return to remand. McGahee v. State, 632 So.2d 976 (Ala.Crim.App. 1993). This Court granted McGahee's petition for certiorari review on August 6, 1993.
McGahee first argues that the trial court erred in relying upon the testimony of the State's psychiatric expert in its sentencing order, because, he says, the expert's testimony was improperly based on police reports and other items that were not admitted into evidence. He asserts that the trial court's reliance upon the psychiatric expert's testimony led it to reject mitigating circumstances that, he says, showed that he was unable to appreciate the criminality of his conduct. The expert in question admittedly based his conclusions on reports, medical records, and other items that were not admitted into evidence.
The record indicates that McGahee failed to preserve this issue, and his failure to do so weighs against a finding of plain error. Rule 39(k), Ala.R.App.P.; Ex parte Harrell,470 So.2d 1309, 1313 (Ala. 1985), cert. denied, 474 U.S. 935,106 S.Ct. 269, 88 L.Ed.2d 276 (1985). We conclude that the trial court committed no error in considering the expert's testimony at the sentencing hearing.
The trial court may properly consider hearsay at the penalty phase of the trial if *Page 983 
the defendant has an opportunity to rebut the evidence.
 " 'Courts are permitted to consider hearsay testimony at sentencing. . . . While hearsay evidence may be considered in sentencing, due process requires both that the defendant be given an opportunity to refute it and that it bear minimal indicia of reliability. . . .' "
Kuenzel v. State, 577 So.2d 474, 528 (Ala.Crim.App. 1990),aff'd, 577 So.2d 531 (Ala. 1991), cert. denied, ___ U.S. ___,112 S.Ct. 242, 116 L.Ed.2d 197 (1991) (quoting United States v.Giltner, 889 F.2d 1004, 1007 (11th Cir. 1989)). In addition, Ala. Code 1975, § 13A-5-45, specifically permits hearsay testimony at the penalty phase:
 "(c) At the sentencing hearing evidence may be presented as to any matter that the court deems relevant to sentence and shall include any matters relating to the aggravating and mitigating circumstances referred to in sections 13A-5-49, 13A-5-51 and 13A-5-52. . . .
 "(d) Any evidence which has probative value and is relevant to sentence shall be received at the sentence hearing regardless of its admissibility under the exclusionary rules of evidence, provided that the defendant is accorded a fair opportunity to rebut any hearsay statements."
(Emphasis added.) Further, McGahee's counsel relied on hearsay in the sentencing phase, as permitted by § 13A-5-45.
McGahee next asserts that the trial court relied upon improper evidence in finding, as an aggravating circumstance, that the crime was especially "heinous, atrocious or cruel," Ala. Code 1975, § 13A-5-49(8). McGahee contends that the trial court's finding was based largely on the testimony of Dee Ann Duncan, who was also present in the classroom and who witnessed the double murder. After shooting and beating Brown and Lee, McGahee turned to Duncan and beat her. He cites this Court's holding in Ex parte Kyzer, 399 So.2d 330 (Ala. 1981), where we adopted a limiting construction that restricts this aggravating circumstance to homicides that are "unnecessarily torturous to the victim." Ex parte Kyzer, at 334. McGahee argues that the trial court's mentioning of Duncan's beating in its order indicates that it considered Duncan's injuries in determining whether the aggravating circumstance was present.
Again, the record indicates that McGahee did not preserve this issue. Nonetheless, we have considered that issue, and we find no error.
At the 1991 sentencing hearing, the State contended there were three aggravating circumstances: that McGahee had been previously convicted of a violent felony (Ala. Code 1975, §13A-5-49(2)); that he had knowingly created a great risk of death to many persons (§ 13A-5-49(3)); and that the offense was "especially heinous, atrocious or cruel" (§ 13A-5-49(8)).
We must conclude that the trial court correctly followedKyzer, because the evidence tends to show that McGahee's crime was "unnecessarily torturous" under the Kyzer standard. McGahee shot Lee five times and shot, strangled, beat, and kicked Brown while she pleaded for her life. A pathologist testified that Brown sustained injuries similar to those associated with being run over by an automobile. The trial court's order, while mentioning Dee Ann Duncan's injuries, merely refers to them as it lists McGahee's actions:
 "The circumstance under Section 13A-5-49(8) does exist. This capital offense was especially heinous, atrocious and cruel as compared to other capital offenses. The defendant's actions were not limited to just the killing of two innocent people. His actions were designed to embarrass and humiliate Connie Brown. He not only shot her twice, he viciously pistol-whipped [her] about the head. The beatings were with such force that the hammer of the pistol broke off and the jagged edge gouged her face and head as he administered the beating. He removed her clothing and attempted to sexually abuse her. His beatings continued as he beat her in the chest and stomped her head with such force that her skull was fractured from ear to ear. He then turned his attention to Dee Ann Duncan, rubbing her between the legs and *Page 984 
pistol-whipping her in the head causing serious physical injury to her."
There is no indication that the trial court relied on improper evidence in holding that McGahee's actions were especially heinous, atrocious, and cruel, as compared to other capital offenses.
McGahee also contends that the trial court's voir dire examination of veniremembers outside McGahee's presence violated his rights to a fair trial and to a reliable sentencing hearing. McGahee was not present when the trial court began to question the veniremembers concerning their general qualifications. The Court of Criminal Appeals held that McGahee's absence from part of the voir dire was harmless error, because the jury recommended life without parole.
The record indicates that McGahee failed to preserve this issue as well, so we must review it only for plain error. We find no plain error on this issue.
We agree with the Court of Criminal Appeals that only harmless error occurred when the trial court conducted general questioning of the venire in McGahee's absence. The record reveals that the following dialogue occurred between the trial court and McGahee's counsel:
 "MR. BOYNTON: Your Honor, at this time, I would like to make an objection, a motion in limine of any proceedings being had outside the presence of a capital felony defendant. I understand the Defendant, for some reason, is not here and the jury panel is here, and it's the intention of the Court to go forward for the limited purpose of qualifying the jury.
 "THE COURT: General qualifications. I'm going to do the general qualifications we do to start off this term, then we'll probably at that point decide to put them in panel and then we'll put them in recess until probably two o'clock this afternoon.
 "MR. BOYNTON: All right. I still want to make an objection to that."
The trial court then questioned the jurors as to general qualifications, such as their names, their addresses, whether they were United States citizens, and whether there was any reason that they should be excused from jury service. Two persons were excused from service. McGahee was present at all further proceedings.
This Court has disapproved of questioning of the jury venire outside the defendant's presence. We have stated the following:
 "It is . . . well settled that a defendant has a right to be present during every stage of his trial; and without his presence at every stage, the court has no jurisdiction to pronounce judgment against him."
Ex parte Hammond, 510 So.2d 153, 154 (Ala. 1987). However, the guilt phase of McGahee's case had already taken place. The capital sentencing jury of which McGahee complains returned a recommendation of the lesser sentence of life without parole. McGahee could not have obtained a more favorable recommendation from the jury, which chose between sentences of life without parole and death. Clearly, the jury's recommendation indicates no prejudice to McGahee due to his absence during the questioning about general qualifications. Further, we note that McGahee had no right to be present at the excusal of the jurors from service. Ala. Code 1975, § 12-16-74, provides:
 "The Court may in any case, including capital cases, excuse or postpone the service of any prospective juror outside the presence of the parties and their counsel. . . ."
(Emphasis added.) See also Ex parte Pierce, 612 So.2d 516 (Ala. 1992).
We have also thoroughly reviewed the record before us for error concerning the various other issues that McGahee has raised, as well as for plain error not raised. We conclude that the Court of Criminal Appeals correctly ruled on the issues raised before that court. Furthermore, we have found no plain error. Therefore, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, STEAGALL and COOK, JJ., concur. *Page 985