BOWEN, Presiding Judge.
The appellant, Kerry Burden, pleaded guilty and was convicted of the illegal possession of drug paraphernalia. He was sentenced to 12 months in jail.
I
This Court rejects the appellant’s argument that the trial court erred in considering hearsay in making its sentencing determination. The objectionable hearsay is a letter to the trial judge from the executive director of the Housing Authority of the City of Roanoke. C.R. 24. That letter alleges that the appellant “has been in the drug business for several years,” lists some of his alleged activities (intimidation, using children to sell his drugs), and requests, in effect, that he be incarcerated as an example to other drug dealers. Enclosed with the letter was a petition signed by 24 “citizens” “ask[ing] that those who appear before [the trial judge] for sentencing who have been found guilty or pleaded guilty to drug crimes be given the maximum sentence possible.” C.R. 25.
The record shows that defense counsel was aware of the “letter” at sentencing but that she made no objection. The record also indicates that the trial judge did not consider the letter in sentencing the appellant.
“DELANE GOGGANS [defense counsel]: We would like to show that you did not want a probation report,, a regular probation report prepared, you just wanted a record cheek. The record check indicates that Mr. Burden’s only record is a driving while suspended, in September of this year. That is the only thing the record check showed up.
“Mr. Burden is gainfully employed in Randolph County. In relation to the letter that you showed me, that was a surprise *78 this morning, and I understand that the citizens are concerned about drug usage. But I believe if they had proof of what they claim, they could have brought charges or had an investigation conducted, and that was not done. There’s no proof to any of that.
“COURT: I agree that all these unsubstantiated allegations where people go around saying everybody does something but they never bring it to the law enforcement officers’ attention, doesn’t carry very much weight with me. What does carry weight with me is that this man had a charge, which, if proven, would have gotten him 5 years in the penitentiary, at least, and plea bargained it down to 12 months in the county jail. I assumed that’s what they intended to do.” R. 12-13.
After the trial court sentenced the appellant to 12 months jail time and denied probation, the appellant filed a motion to reconsider. “To be timely, an objection must be interposed as soon as the ground for the objection becomes apparent.” Watson v. State, 439 So.2d 762, 769 (Ala.Cr.App.1983).
Furthermore, the trial court, in its “order denying motion to reconsider probation or to withdraw guilty plea,” stated its reason for sentencing the appellant to 12 months in jail.
“Defendant was indicted for Conspiracy to Commit a Controlled Substance crime and was represented by his retained attorney, Honorable Tim Davis, throughout all the proceedings. When the case was called for trial, the parties entered into a plea agreement whereby the defendant proposed to plead guilty to Possession of Drug Paraphernalia, a Class A misdemeanor. Defendant, his counsel and the Assistant District Attorney filed a joint motion in writing to amend the indictment to charge said offense. The parties filed a fully executed form C-44B [explanation of rights and plea of guilty] and a written plea agreement. The court conducted a full colloquy in accordance with Rule 14.4, A.R.Crim.P., ascertained that the plea was voluntary and not coerced and that no promises apart from the plea agreement had been made and was satisfied that there was a factual basis for the plea. A verbatim record of the proceedings was made.
“Written in capital letters on the plea agreement are the words, ‘It is understood that granting or denying probation and/or the imposition of a split sentence or reverse split sentence is entirely up to the Court and is not a part of any plea bargain.’ During the colloquy, the Court clearly explained to defendant and counsel that he would be sentenced in accordance with the plea agreement and probation would be a matter entirely for the Court and was not a part of any agreement. The Court accepted the plea agreement, and at the request of the defendant, deferred sentencing to December 17, 1993, and allowed defendant to remain free on his bond. On December 17, 1993, the Court sentenced the defendant to twelve months in the county jail, payment of a fine, [Victim’s Compensation Fund assessment] and costs strictly in accordance with the plea agreement. Probation was denied.
“The defendant has filed a motion to reconsider probation, or in the alternative, to allow him to withdraw his guilty plea. By entering into a plea agreement the defendant avoided spending several years in the penitentiary if convicted of the original charge. There is no injustice in this sentence. The defendant got exactly what he bargained for, and the Court finds no reason to reconsider. Accordingly, defendant’s motion [is] denied.” C.R. 30-31.
Even if the trial court did consider the letter in sentencing the appellant, it committed no error in doing so. “The trial court may properly consider hearsay at the penalty phase of the trial if the defendant has an opportunity to rebut the evidence.” Ex parte McGahee, 632 So.2d 981, 982-83 (Ala.1993). “A sentencing judge may consider hearsay evidence so long as the defendant had a fair opportunity at rebuttal.” Kuenzel v. State, 577 So.2d 474, 528 (Ala.Cr.App.1990), affirmed, 577 So.2d 531 (Ala.), cert. denied, 502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991). Accord Smiley v. State, 435 So.2d 202, 206 (Ala.Cr.App.1983). See also Rule 26.6(b)(2), A.R.Crim.P. (providing that “[a]ny evidence that the court deems to *79 have probative value may be received [at a sentence hearing], regardless of its admissibility under the rules of evidence”).
II
The appellant’s argument that the trial court erred in refusing to allow him to withdraw his guilty plea based on the sentence entered in this case is without merit.
“‘[T]he mere hope, subjective belief, or expectation of a defendant [and his counsel] regarding length of sentence, parole, conditions of confinement, and other similar matters which are not based upon a promise by the state are insufficient to warrant the withdrawal of a guilty plea as unknowingly or involuntarily made.’ Culver v. State, 549 So.2d 568, 571 (Ala.Cr.App.1989). Furthermore, ‘ “[t]he fact that a defendant who has knowingly and intelligently pleaded guilty later becomes dissatisfied with the sentence he received does not, alone, constitute a ground for invalidating the guilty plea.” ’ Bland v. State, 565 So.2d 1240, 1242-48 (Ala.Cr.App.1990) (quoting State v. Holman, 486 So.2d 500, 503 (Ala.1986)).”
Alderman v. State, 615 So.2d 640, 647 (Ala.Cr.App.1992).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.