I concur in all parts of the main opinion except its holding that the trial court did not err when it allowed the Russaws to testify during the sentencing hearing as to *Page 1049 
threats allegedly made by Dunaway to Tressa Patterson. As the main opinion points out, hearsay testimony is admissible at sentencing. See Ex parte McGahee, 632 So.2d 981, 982-83
(Ala. 1993). However, "`due process requires both that the defendant be given an opportunity to refute [the hearsay testimony] and that it bear minimal indicia of reliability.'" Id. at 983 (quoting Kuenzel v. State,577 So.2d 474, 528 (Ala.Crim.App. 1990)). Reliability can be established by showing (1) that the hearsay testimony "falls within a firmly rooted hearsay exception" or (2) that the statement is supported by "a showing of particularized guarantees of trustworthiness." Ohio v. Roberts, 448 U.S. 56, 66 (1980).
The main opinion justifies the admission of the Russaws' testimony during the sentencing phase by stating that the Russaws merely testified as to an admission by Dunaway. In so doing, the main opinion points to Charles W. Gamble, McElroy's AlabamaEvidence § 264.01(1)(b) (5th ed. 1996), and the cases cited therein. Section 264.01(1)(a) (note 1) says that such statements fall within Rule 801(d)(2)(A), Ala. R. Evid., which states that a "party opponent's" own statement is not hearsay. The main opinion also holds that these statements were admissible as "statement[s] of the declarant's then existing emotions or state of mind," citing McElroy's Alabama Evidence, supra, § 261.03(2) and (5). 746 So.2d at 1048. Those subsections refer to Rule 803(3), Ala. R. Evid., under which "[a] statement of the declarant's then existing state of mind" is admissible. Thus, the main opinion concludes that the Russaws' testimony "fell squarely within a firmly rooted hearsay exception," 746 So.2d at 1048, and that its admission did not violate Dunaway's right to due process.
I agree that the Russaws' testimony regarding the threats would be admissible under this rule if the Russaws testified thatthey had personally heard Dunaway make them. However, the Russaws did not hear Dunaway make them. Instead, they testified that Tressa Patterson told them that Dunaway had threatened her. This is hearsay within hearsay.
Although the Alabama Rules of Evidence do not apply to sentencing proceedings, Rule 1101(b)(3), Ala. R. Evid., if we are to find that the Russaws' testimony bore "minimal indicia of reliability" because it fell "within a firmly rooted hearsay exception," then we must look to the Rules of Evidence when deciding whether the hearsay testimony is admissible pursuant to an exception to the hearsay rule. Tressa Patterson's statements are not admissions by a party opponent but statements by a victim and therefore do not fall within Rule 801(d)(2)(A).[2]
Moreover, the statements do not fall within Rule 803(3) because they were statements of memory made to prove the fact remembered. See United States v. Cohen, 631 F.2d 1223, 1225 (5th Cir. 1980) ("But the state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held a particular state of mind. . . . If the reservation in the text of the rule is to have any effect, it must be understood to narrowly limit those admissible statements to declarations of condition — `I'm scared' — and not belief — `I'm scared because [the defendant] threatened me.'"); cf. United States v. Joe,8 F.3d 1488, 1492 (10th Cir. 1993) (holding that physician's testimony regarding patient's statement that she was afraid because she thought her husband might kill her was a statement of memory or belief, and thus was inadmissible under Rule 803(3), Fed.R.Evid.). Furthermore, the State offered no evidence at the sentencing phase of the trial suggesting that the statements bore some other particularized guarantees of trustworthiness. Thus, I would hold that the admission of this testimony was error because the Russaws' hearsay testimony *Page 1050 
did not bear the required "minimal indicia of reliability."[3]
The State, however, argues that if there was error in this regard, it was harmless. The standard for determining whether constitutional error is harmless is whether the court can "declare a belief that it was harmless beyond a reasonable doubt." Chapmanv. California, 386 U.S. 18, 24 (1967). In determining whether constitutional hearsay error is harmless, a court may consider numerous factors, including
 "`the importance of the [declarant's] testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the [declarant] on material points, . . . and the overall strength of the prosecution's case.' Delaware v. Van Arsdall, 475 U.S. [673], 684 [(1986)]."
James v. State, 723 So.2d 776, 781 (Ala.Crim.App.), cert.denied, 723 So.2d 786 (Ala. 1998).
At the sentencing phase, Dunaway maintained that the central issue was whether the murders were premeditated. Dunaway claimed that they were not and that he had committed them while under extreme emotional disturbance. He also claimed that he did not intend to kill James and testified that he set the fire, panicked, forgot James, and ran away from the house. Based on these facts, Dunaway argues that the error was not harmless. However, because the State presented ample admissible evidence indicating that Dunaway intended to kill Tressa and James Patterson and because the State presented other evidence indicating that this capital murder was especially heinous, atrocious, or cruel, I would hold that the error in admitting the testimony was harmless.
During the sentencing phase, the State presented testimony from the Russaws indicating that on two occasions they hadpersonally heard Dunaway threaten to kill Tressa. A finding that this testimony was reliable can be justified by its admissibility under Rule 801(d)(2)(A), Ala. R. Evid., because it was evidence of a statement by a party opponent. The State also presented evidence of James Patterson's suffering during the fire and evidence that Dunaway intentionally killed James Patterson, e.g., evidence that Dunaway intentionally left James Patterson in the burning trailer to die. In its order finding that the murder of James Patterson was especially heinous, atrocious, or cruel when compared to other capital murders, the trial court summarized this evidence:
 "[A] 22-month-old child was left in a burning mobile home, the fire having been set by the defendant with the knowledge that the child was inside, helpless to defend himself or protect himself, or too immature to know the existence of any danger or threat to life, who either inhaled products of combustion causing death, or burned to death from the flames, to the extent that he resembled a dog, according to the testimony of one witness."
The helplessness of a victim and the total indifference of a defendant can be factors upon which a finding that a capital murder was especially heinous, atrocious, or cruel can be based. See Reiber v. State, 663 So.2d 985, 992-93 (Ala.Crim.App. 1994), aff'd, 663 So.2d 999 (Ala.), cert. denied, 516 U.S. 995
(1995).
Accordingly, I concur only in the result as to the main opinion's treatment of the Russaws' hearsay-within-hearsay testimony. *Page 1051 
I would hold that it was error to consider this testimony reliable by reason of its compatibility with the Alabama Rules of Evidence, but that the error was harmless. I agree that the judgment of the Court of Criminal Appeals is due to be affirmed.
See, J., concurs.
[2] Justice Johnstone also makes this point in his special writing.
[3] The cases relied on by the main opinion to establish the reliability of the Russaws' testimony on the basis of an exception to the hearsay rule, Ex parte Whisenhant, 555 So.2d 235 (Ala. 1989), cert. denied, 496 U.S. 943 (1990), and Jackson v. State,629 So.2d 748 (Ala.Crim.App. 1993), predate the adoption of the Alabama Rules of Evidence and are inconsistent with those rules.